UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-10264-RGS

UNITED STATES OF AMERICA

v.

JORGE MONTEIRO

MEMORANDUM AND ORDER ON
DEFENDANT'S EMERGENCY MOTION
FOR MODIFICATION OF SENTENCE
AND COMPASSIONATE RELEASE

October 14, 2021

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is an exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP) or by a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that

apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Petitioner Jorge Monteiro, who is 26 years old, and does not suffer from a terminal or self-debilitating illness, does not fit the eligibility criteria that apply to the second statutory category of inmate described in the statute.[1]

Monteiro was sentenced by the court to 51-months imprisonment followed by three years of supervised release after he pled guilty on December 11, 2018, to a one-count indictment charging him with distribution of fentanyl. His projected release date from custody is July 25, 2022. To date, he has served roughly three-quarters of his committed sentence and is currently confined at FCI Fort Dix.

In his motion, Monteiro asks that his committed sentence be reduced to time served with the balance of the committed sentence to be discharged in home confinement because of the threat of infection posed by the COVID-19 virus in a prison setting. Monteiro, as his medical records indicate, is young and enviably healthy. While he points to a history of substance abuse and marihuana smoking, these are not among the preexisting conditions that

---

[1] Although the record does not indicate whether Monteiro has in fact exhausted his administrative remedies, the government does not raise the issue in its opposition.

the Centers for Disease Control recognizes as posing an enhanced risk of contracting COVID-19.

The gravamen of Monteiro's complaint is that prisons, including FCI Fort Dix, like other congregate settings, are prone to outbreaks of COVID-19, and that prison life is in general, particularly given the lockdown measures taken by prison authorities to prevent the spread of the disease, unpleasant. While these complaints are understandable, they are not among the conditions that courts (and there are many) reviewing compassionate release motions have found to be "extraordinary and compelling." Although I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not. In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools they need to make these difficult and, at times, conscience-wrenching decisions.[2] Because Monteiro does not meet

---

[2] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  None of these has a bearing on Monteiro's petition.

any of the mandated eligibility criteria, he is not a candidate for compassionate release.

Because I can foresee no circumstances under which Monteiro could be deemed eligible at present for compassionate release, I see no reason for a hearing on the matter.[3]

ORDER

For the foregoing reasons, the Motion for Compassionate Release is DENIED.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE

---

[3] As I have previously noted, the late Chief Justice Ralph Gants of the Massachusetts Supreme Judicial Court summarized the considerations admirably in reminding us that "in conducting . . . *de novo* review [of a detention decision], a judge must give careful consideration not only to the risks posed by releasing the defendant – flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." *Christie v. Commonwealth*, 484 Mass. 397, 398 (2020). The Chief Justice's admonition is equally pertinent in weighing the balancing factors that underlie a motion for compassionate release. Here, I believe that it is the community that bears the greater risk should Monteiro be prematurely released.